## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

THEODORE J. KERNOSH,

                Plaintiff

      v.
                          CIVIL ACTION NO. 13-6069

DE JAGER CONSTRUCTION, INC.;
FREIGHT CONCEPTS, INC.;
ABC BUSINESS ENTITIES 1-10 (fictitious names)
and JOHN DOES 1-10 (fictitious names)

                Defendants

DE JAGER CONSTRUCTION, INC.,

                Third Party Plaintiff

      v.

SUGAR HILL DESIGN & CONSTRUCTION, LLC

                Third Party Defendant

_____

THEODORE J. KERNOSH,

                Plaintiff

      v.
                          CIVIL ACTION NO. 15-3325

ACCEL GROUP, INC.

                Defendant

_____

## MEMORANDUM OPINION

**Henry S. Perkin, M.J.**                                          **November 12, 2015**

        This matter is before the Court on Plaintiff's Motion for Sanctions Against

Defendant Freight Concepts, Inc. (Civil No. 13-6069, Docket No. 93) filed September 22, 2015.

This Court has also considered the Answer to Plaintiff's Motion for Sanctions and Memorandum of Law in Support of Answer to Plaintiff's Motion for Sanctions (Civil No. 13-6069, Docket Nos. 95 and 95-4) filed by Defendant, Freight Concepts on September 24, 2015; Plaintiff Theodore J. Kernosh's Reply Brief in Further Support of Plaintiff's Motion for Sanctions Against Defendant Freight Concepts, Inc. (Civil No. 13-6069, Docket No. 99) filed October 1, 2015; and Plaintiff Theodore J. Kernosh's Supplemental Reply Brief in Further Support of Plaintiff's Motion for Sanctions Against Defendant Freight Concepts, Inc. (Civil No. 13-6069, Docket No. 114) filed November 4, 2015.  A sanctions hearing on the record was held on November 5, 2015 with counsel for all interested parties.

This matter is assigned to the Honorable James Knoll Gardner.  Pursuant to Judge Gardner's Standing Order dated March 19, 2007, discovery disputes are to be resolved by the undersigned.  Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

I.      Background

Theodore J. Kernosh ("Plaintiff") commenced the within action by filing a Complaint against several defendants on October 17, 2013 alleging damages as a result of a fall by the Plaintiff that occurred on or about June 12, 2013 ("the Incident").  See Civil No. 13-6069, Docket No. 1.  On or about April 7, 2014, Interrogatories and a Request for Production of Documents were served upon counsel for the defendant, Freight Concepts, Inc. ("Freight Concepts").  The request for production included a request for any and all photographs of any instrumentality involved in the Incident.

2

On or about July 29, 2014, Plaintiff sent Freight Concepts a formal demand letter for the preservation of the trailer ramps involved in the Incident, as well as any photographs, incident reports, and other documents related to the Incident.  On or about August 28, 2014, Freight Concepts provided Answers to Plaintiff's Interrogatories, which indicated that the trailer ramps involved in the Incident were purchased from Allied Van Lines in 2006.  Freight Concepts did not provide any documentation pertaining to the trailer ramp(s) involved in the Incident, explaining that it did not have any documentation.

On October 23, 2014, Plaintiff filed a Motion to Compel Discovery of Defendant, Freight Concepts, Inc.  See Civil No. 13-6069, Docket No. 38.  In so doing, Plaintiff averred that Freight Concepts had refused to provide photographs of the tractor trailer and ramps involved in the Plaintiff's Incident as well as the location of the trailer ramp used by Plaintiff during the incident, and any additional inspection reports, incident reports, and other documents related to the incident.  By way of response, Freight Concepts filed an answer, and attached an Affidavit from its owner, Brad Fisher.  See Civil No. 13-6069, Docket No. 42-1.  Following consideration of the issue, this Court denied Plaintiff's motion to compel on the basis of Freight Concept's representations that it did not have in its possession any photographs, incident reports, or inspection reports concerning the ramps to produce.  See Civil No. 13-6069, Docket No. 44. Moreover, the owner of Freight Concepts advised that he did not know which of several ramps were used on the date of the Incident.  This Court had no reason to disbelieve the representations proffered by Freight Concepts.

On July 27, 2015, Plaintiff filed another motion to compel document production with this Court.  See Civil No. 13-6069, Docket No. 70.  Freight Concepts filed its answer on

July 30, 2015 alleging that the discovery requests were overly broad. See Civil No. 13-6069,

Docket No. 71.  Plaintiff filed a reply brief on August 4, 2015.  See Civil No. 13-6069, Docket

No. 74.  A discovery conference call with counsel for all parties was held before the Court on

August 13, 2014.  Plaintiff's motion to compel was granted with modification, and Freight

Concepts was directed to provide any documentation, including, but not limited to,

communications, invoices, purchase orders, photographs, instructions, or manuals, concerning

any and all ramps it had available on the date of the Incident, June 12, 2013.  See Civil No. 13-

6069, Docket No. 78.  On August 24, 2015, Freight Concepts provided verified responses to

Plaintiff's discovery requests, stating that it did not have any documents (i.e. receipts, invoices,

diagrams, instructions, or manuals) for ramps that may have been used or were available to be

used on June 12, 2013.  Freight Concepts, however, did include photographs of a ramp which it

believed was similar to the one used on June 12, 2013.

    In the current motion for sanctions, Plaintiff alleges that the document production

of Freight Concepts is non-responsive to this Court's August 14, 2015 Order, which required

Defendant to produce documentation and photographs of "any and all ramps they had available

for use on the date of the incident in question (June 12, 2013)," and not just documentation of the

ramps that Freight Concepts believes are "similar to the one used on June 12, 2013."  Plaintiff

further asserts that after two years of litigation, Freight Concepts has repeatedly stalled and

delayed the production of documents that are material and relevant for Plaintiff's claim of

negligence and, in refusing to identify the ramps involved in the incident until shortly before the

close of discovery, Plaintiff's expert was hindered from examining the trailer ramps prior to the

close of discovery.  Plaintiff requests the following sanctions: (1) that the Court establish as an

4

undisputed fact that the trailer ramp used by Plaintiff was defective and unsafe; (2) prohibit Freight Concepts from asserting an affirmative defense for assumption of risk by Plaintiff; (3) require Freight Concepts to pay Plaintiff's reasonable attorney fees in preparing this motion; and (4) permit Plaintiff to present a spoliation charge at trial.

Freight Concepts responds by stating that when it was made aware of the Incident, it was about seven or eight months after it had occurred, and there was no way for Freight Concepts to know exactly what ramp had been used on the date of the Incident. Freight Concepts asserts that it did not provide any documentation pertaining to the ramp involved in the Incident because it does not have any documentation in its possession to produce. Finally, Freight Concepts contends that it has complied with all the Court's orders, and has indicated that while it was willing to permit Plaintiff and his expert to inspect its ramps, Plaintiff has failed to do so.

II.   Discussion

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party's failure "to obey an order to provide or permit discovery" allows "the court . . . [to] issue further just orders," including sanctions. See Fed. R. Civ. P. 37(b)(2)(A). As noted by the Plaintiff, Rule 37(b) allows sanctions where a party refuses a District Court's order to produce documents responsive to another party's demand. McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 249 (3d Cir. 2014). Further, sanctions may be imposed where a party's responses to a discovery order are grossly inadequate. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Lastly, discovery sanctions under Rule 37(b)(2) are appropriate for any non-compliance with a Court's order, and "no willfulness, contumacy or design need be shown." Beau Products, Inc. v. Permagrain Products, Inc., 97

F.R.D. 50, 53 (M.D.Pa. l983) (citing Societe Internationale Pour Participationes Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958)).

   Plaintiff also seeks that a spoilation inference charge be given in this case. Spoilation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Mosaid Technologies Inc. v. Samsung Electronics Co., 348 F. Supp. 2d 332, 335 (D.N.J. 2004). The spoilation inference is an adverse inference that permits a jury to infer that "destroyed evidence might or would have been unfavorable to the position of the offending party." Scott v. IBM Corp., 196 F.R.D. 233, 248 (D.N.J. 2000). In order for the spoilation inference to apply, four essential factors must be satisfied. First, "it is essential that the evidence in question be within the party's control." Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995) (citing Gumbs v. International Harvester, Inc., 718 F.2d 88, 96 (3d Cir. 1983)). Second, "it must appear that there has been actual suppression or withholding of the evidence." Id. Third, the evidence destroyed or withheld was relevant to claims or defenses. Scott, 196 F.R.D. at 248; Veloso v. Western Bedding Supply Co., 281 F. Supp. 2d 743, 746 (D.N.J. 2003). Finally, it was reasonably foreseeable that the evidence would later be discoverable. Scott, 196 F.R.D. at 248; Veloso, 281 F. Supp. 2d at 746. "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Scott, 196 F.R.D. at 249.

   Plaintiff has failed to produce any evidence that Freight Concepts has engaged in actual spoilation or that it withheld evidence in this matter. To the contrary, Freight Concepts

has continually represented through timely verified responses that it simply did not have any documents related to this Incident to produce.  Freight Concepts has also indicated by way of an Affidavit from its owner, Brad Fisher, that it first received notice of the Incident in February 2014, approximately seven or eight months after the Incident had occurred.  See Civil No. 13-6069, Docket No. 42-1 filed November 7, 2014.  Mr. Fisher further represented that he did not know which ramps or walking boards were used on the date of the Incident.  See Civil No. 13-6069, Docket No. 42-1.  Again, we have no reason to disbelieve the representations of Freight Concepts, and Plaintiff has failed to prove otherwise.

Despite its inability to explicitly identify the precise ramp which was used on the date of the Incident, Freight Concepts did at some point during the discovery process voluntarily photograph and send to Plaintiff pictures depicting a ramp which it believed may have been similar to the one used during the Incident.  In so doing, Freight Concepts reiterated that it did not have any receipts or invoices for any of its ramps that would have been available for use on the date of the Incident, and further did not possess any diagrams, instructions, or manuals for any ramps that it had available on the date of the Incident.

It is the impression of this Court that throughout this litigation, Freight Concepts has been responsive to Plaintiff's multiple discovery requests concerning which ramp was used in the Incident.  Freight Concepts has continuously responded that it cannot produce documents that it does not have.  Freight Concepts has represented that it is unaware of which of its ramps were used during the Incident in question, and that it was not made aware of the Incident until February 2014.  Plaintiff has not proved otherwise.  Freight Concepts cannot be sanctioned simply for failing to have documentation with respect to its ramps.  There is nothing in the record

to indicate that any documents were withheld, or that any evidence was destroyed in this matter.

Moreover, we note that Plaintiff did not depose the owner of Freight Concepts, Brad Fisher, during the discovery period.  In addition, although an inspection by Plaintiff of the ramps owned by Freight Concepts was requested initially, Plaintiff did not follow up on this request, despite Freight Concepts consenting to the inspection.

IV.    <u>Conclusion</u>[1]

For the foregoing reasons, we deny Plaintiff's motion for sanctions.  In so doing, we note that the argument set forth by Plaintiff in his motion for sanctions as to the lack of documentation concerning the ramp at issue by Freight Concepts may be appropriate argument during the trial of this matter.  The determination as to the appropriateness of such argument, however, is at the discretion of the trial judge, the Honorable James Knoll Gardner.

An appropriate order follows.

---

[1]    On November 10, 2015, several days after the argument in this case, the Court received correspondence from Plaintiff's counsel, Christian M. Perucci Esq.  <u>See</u> Civil No. 13-6069, Docket No. 118.  The correspondence involved a complaint that counsel for Freight Concepts ("defense counsel") had used foul language and the threat of physical violence in the hallway outside of the courtroom.  Apparently, the incident involved a complaint by defense counsel that counsel for Plaintiff had gotten into his personal space. While, unfortunately, the pursuit of litigation leads to unpleasantness between counsel, the conduct described by Plaintiff's counsel is well over the line and should not occur in the future. The undersigned does not plan to take any action with regard to Mr. Perrucci's complaint at this time. It is for this reason that I have not asked for a response from defense counsel.  I do note, however, that the incident set forth in this letter was overheard by one of the Court's law clerks and was related to the undersigned after the hearing. I trust that similar conduct will not occur in the future.